UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-20479-CIV-BLOOM/VALLE

**JOSEPH ALVAREZ**, *et al.*,

    Plaintiffs,

v.

**CARNIVAL CORPORATION**,
*d/b/a* CARNIVAL CRUISE LINES,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss, ECF No. [37], Plaintiffs' Sixth Amended Complaint, ECF No. [34], for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Plaintiffs filed the instant action seeking monetary relief from Defendant after an incident involving a power outage on a cruise ship due to a fire in the engine room. The Court has carefully reviewed the record, the parties' briefs, and the applicable law.

**I.      Background**

This lawsuit arises out of the events on Carnival's ship, the *Triumph*, in February 2013. In their Sixth Amended Complaint, Plaintiffs—almost all of whom are citizens and residents of Texas (one is from Alaska and another from Illinois)—allege that while aboard the ship, an engine room fire knocked out its primary power source. The ship was about 150 miles off the shore of Mexico's Yucatan Peninsula at the time of the fire. Plaintiffs allege that Carnival sent rescue with "slow-to-arrive" tug boats. While the Plaintiffs waited for the tug boats to arrive, they allege they were "exposed and forced to endure extremely toxic, debilitating, deplorable, unsafe and unsanitary conditions, including but not limited to, sweltering temperatures, lack of

power and air conditioning, lack of hot or running water, and lack of working toilets." ECF No. [34] at 12.

Plaintiffs further allege that they were also exposed to: "(1) sewage flowing throughout the state rooms and hallways of the Vessel; (2) limited and inadequate food and water; (3) noxious odors emanating from the sewage passing throughout the Vessel; (4) smoke within the hallways; (5) having to urinate within the showers and bath tubs of the state rooms; (6) feces stored in bags and un-flushed toilets; and (7) exposure to and/or ingestion of spoiled food." *Id.* While on the tug boats, Plaintiffs further allege that "the Vessel listed sharply several times, causing human waste to spill out of non-functioning toilets, flood across the Vessel's floors and halls, and drop down the Vessel's walls, and creating the risk and fear of the Vessel capsizing." *Id*. at 12-13.  In other words, Plaintiffs allege they were aboard "a floating hell." *Id.* at 13.

## II.     Legal Standard

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).  While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions.  *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

**III.   Discussion**

After a number of concessions during the briefing process,[1] the remaining issue is whether Plaintiffs' Sixth Amended Complaint states a claim of negligence.  Plaintiffs allege that Defendants were negligent by:[2]

| | |
|---|---|
| 6.03.01 | Negligently causing a fire on board the Vessel; |
| 6.03.02 | Negligently allowing a fire to occur on board the Vessel; |
| 6.03.03 | Negligently failing to have proper procedures in effect to avoid the Vessel catching fire and damaging the propulsion system; |
| 6.03.04 | Negligently failing to have proper procedures in place to power the Vessel after a fire did occur; |
| 6.03.05 | Failing to properly maintain the Vessel and its equipment, including but not limited to the engine room, so as to cause a fire to break out, resulting in a loss of power to the Vessel; |
| 6.03.06 | Failing to provide safe and sanitary living conditions; |

---

[1] In their Response, Plaintiffs withdrew their Declaratory Judgment claim. *See* ECF No. [38] at 8. Defendant abandoned its subject matter jurisdiction argument in its Reply. *See* ECF No. [40] at 1.

[2] These numbers reflect Plaintiffs' system of numbering paragraphs from the Complaint.

    6.03.07    Negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safety of passengers on the Vessel, such that planned maintenance was not completed, or not completed properly, leading to the vessel catching fire and damaging the propulsion system;

    6.03.08    Negligently maintaining the Vessel;

    6.03.09    Failing to observe, obey and enforce the applicable safety and sanitation regulations aboard the Vessel;

    6.03.10    Failing to comply with applicable International Maritime Organization rules and regulations, including Defendants' International Safety Management Code;

    6.03.11    Failing to maintain the Vessel in a safe and reasonable manner and remedy known hazards or unsafe conditions on board the Vessel;

    6.03.12    Failing to safely evacuate and/or care for the safety passengers on board the Vessel;

    6.03.13    Allowing an ongoing, recurring, continuous, and/or repetitive problem to occur on the premises which would cause incidents or injuries; and/or

    6.03.14    Other acts of negligence that will be shown at trial.

ECF No. [34] at 14-15.

General maritime law applies to this case because it involves a claim of a tort "committed aboard a ship sailing in navigable waters." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Where well-developed maritime law does not relate to a particular claim, general common law and state law principles are supplementary. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011) (citing cases).

A successful negligence claim in a maritime tort case, like in a general negligence case, requires a showing that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693

F.3d 1333, 1336 (11th Cir. 2012).  "A shipowner owes the duty of exercising *reasonable care* towards those lawfully aboard the vessel who are not members of the crew."  *Id*. at 1336 (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959) (emphasis in original)).  This standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where the menace is one commonly encountered on land and not clearly linked to nautical adventure."  *Id.* (quoting *Keefe*, 867 F.2d at 1322 (alterations omitted)).

Plaintiffs have filed a Notice with the Court, indicating that they have no opposition to the dismissal of:

- 6.03.03   Negligently failing to have proper procedures in effect to avoid the Vessel catching fire and damaging the propulsion system;

- 6.03.04   Negligently failing to have proper procedures in place to power the Vessel after a fire did occur;

- 6.03.07   Negligently hiring, contracting, supervising, training, and/or retaining the persons or corporations responsible for the safety of passengers on the Vessel, such that planned maintenance was not completed, or not completed properly, leading to the vessel catching fire and damaging the propulsion system;

- 6.03.09   Failing to observe, obey and enforce the applicable safety and sanitation regulations aboard the Vessel; and

- 6.03.10   Failing to comply with applicable International Maritime Organization rules and regulations, including Defendants' International Safety Management Code.

ECF No. [46] at 2.  As such, these portions of the negligence claim are dismissed.

Defendant argues that the Complaint "impermissibly attempts to expand Carnival's duty of care by alleging in a conclusory fashion that it failed to promulgate sufficient policies and procedures, and that it breached the International Safety Management Code."  ECF No. [37] at 7.  Defendants rely on *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237 (S.D. Fla. 2011).  In *Rinker*, a passenger sued Carnival after developing meningitis and other diseases while aboard the ship,

and after she was administered painkillers while aboard the ship which the plaintiff alleged may have caused her meningitis.  In the motion to dismiss order from that case, Judge Seitz granted a motion to dismiss against a negligence claim, with prejudice, because the negligence claim was premised on violations of the International Safety Management Code.  The court held that because the plaintiff in that case had "failed to present any authority that establishes that the ISM creates any duties that Carnival owes to Plaintiff . . . it cannot be the basis of a negligence claim." *Rinker*, 753 F. Supp. 2d 1237, 1243 (S.D. Fla. 2010).  The court also held that though plaintiff alleged that Carnival did not have systems in place to prevent the development or aggravation of the plaintiff's meningitis, the plaintiff did not plead causation—i.e., the plaintiff did not allege what Carnival should have done.  *Id.*

Plaintiff does not respond to Defendant's *Rinker* argument directly, but rather avers that because Defendant has stipulated to the applicability of *res ipsa loquitur* in this case, *see* ECF No. [20], duty and breach are presumed.  And even if *res ipsa loquitur* did not result in a presumption of duty and breach, Plaintiffs argue that they have clearly pled multiple breaches by Defendant.  *See* ECF No. [38] at 7.

The parties have stipulated to a district court ruling on *res ipsa loquitur* in a case arising out of the same occurrence.  *See* ECF No. [20] (citing *Terry v. Carnival*, 3 F. Supp. 3d 1363 (S.D. Fla. 2014)).  The court in *Terry* found a sufficient showing that the vessel, the flexible fuel lines, and the relevant diesel generator were under the exclusive control of Carnival during the subject cruise.  *See Terry*, 3 F. Supp. 3d at 1373.

Once the inference of negligence is established, the defendant has the burden to rebut the inference.  *See id.*  This burden shift means that dismissal based on duty and breach at this juncture is inappropriate, and Defendants have not argued the lack of causation, as was argued

and decided in *Rinker*. Accordingly, Defendant's motion to dismiss the remaining portions of the negligence count should be denied, and Defendant can attempt to rebut the inference of duty and breach at a subsequent stage of this proceeding.

IV. **Conclusion**

For these reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss, **ECF No. [37]**, is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiffs' claim for a declaratory judgment; negligent hiring claims; claims that Defendant failed to promulgate sufficient policies and procedures; claims that Defendant failed to enforce sanitation regulations; and claims that Defendant failed to comply with the International Management Safety Code are **DISMISSED**;

3. Defendant shall answer the remaining portions of Plaintiffs' Sixth Amended Complaint by **November 10, 2014.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of October, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record